UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURBIR S. GREWAL, | No. 2:25-cv-01026-DC-SCR |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO REMAND |
| NISSAN NORTH AMERICA, INC., | (Doc. No. 9) |
| Defendant. | |

This matter is before the court on Plaintiff's motion to remand the case to the San Joaquin County Superior Court. (Doc. No. 9.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 11.) For the reasons explained below, the court will deny Plaintiff's motion to remand.

**BACKGROUND**

On April 5, 2024, Plaintiff Gurbir S. Grewal filed the complaint initiating this action in the San Joaquin County Superior Court against Defendant Nissan North America, Inc. (Doc. No. 1-1.) In the complaint, Plaintiff alleges that he purchased a new 2017 Nissan Armada (the "Subject Vehicle") manufactured and/or distributed by Defendant. (*Id.* at ¶¶ 6, 9.) Plaintiff alleges that during Plaintiff's ownership of the Subject Vehicle, the Subject Vehicle suffered from defects covered by the express and implied warranties. (*Id.* at ¶¶ 12, 30.) Plaintiff alleges that Defendant and/or its authorized repair facilities were unwilling or unable to repair the Subject

1

Vehicle to conform to the applicable warranties and refused to make restitution to Plaintiff as required by California law. (*Id.* at ¶¶ 14–15.) Plaintiff asserts four causes of action against Defendant, all relating to Defendant's alleged violations of California's Song-Beverly Consumer Warranty Act. (*Id.* at 4–8.) Plaintiff seeks actual damages, restitution, a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c), and costs and attorney's fees pursuant to Civil Code § 1794(d). (*Id.* at 8.) Defendant answered Plaintiff's complaint in state court on May 8, 2024. (Doc. No. 1-2.)

On April 4, 2025, Defendant filed the notice of removal removing the case to this court. (Doc. No. 1.) On May 5, 2025, Plaintiff filed the pending motion to remand. (Doc. No. 9.) On May 19, 2025, Defendant filed an opposition to the pending motion. (Doc. No. 10.) Plaintiff opted not to file a reply.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

**ANALYSIS**

In the pending motion, Plaintiff contends this action should be remanded because Defendant's notice of removal was not timely filed. (Doc. No. 9 at 3.) Specifically, Plaintiff asserts that Defendant's "Notice of Removal was filed nearly eleven months after the thirty (30) day deadline for removal, which was May 8, 2024, as prescribed by 28 U.S.C. § 1446(b)(1)." (*Id.*) (emphasis omitted).

The Ninth Circuit has explained that under the statute governing removability, 28 U.S.C. § 1446, there are three pathways for removal of a case filed in state court based on diversity jurisdiction, each of which provides certain deadlines for removal. *See Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1124–25 (9th Cir. 2013). First, a notice of removal may be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *Roth*, 720 F.3d at 1124 (quoting 28 U.S.C. § 1446(b)(1)). Second, where the "case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* (quoting 28 U.S.C. § 1446(b)(3)). Third, where a defendant has not been "put on notice of removability by a plaintiff," the defendant is permitted to "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Id.* at 1125. This third pathway is temporally limited by 28 U.S.C. § 1446(c)(1), which precludes a defendant from removing a case pursuant to diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Here, Plaintiff argues that the first pathway to removal under 28 U.S.C. § 1446(b)(1) applies and renders Defendant's notice of removal untimely because the complaint contained "a plausible allegation that the [] jurisdictional threshold is met" such that the removal period began accruing. (Doc. No. 9 at 4) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). Plaintiff contends that given Defendant's "sophisticated knowledge of the motor

vehicle, [Defendant] has, at a minimum, a rudimentary understanding or ability to ascertain an approximation of the Subject Vehicle's market value as the manufacturer and distributor of the Subject Vehicle," especially given that Plaintiff identified the Subject Vehicle by make, model year, and VIN number in the complaint. (Doc. No. 9 at 8.) Plaintiff further contends that the complaint, while silent on any specific amount of damages, "expressly indicated that the claim was being brought under the state court's unlimited jurisdiction (seeking damages above $25,000.00)." (*Id.*)

However, as Defendant emphasizes in its opposition, the Ninth Circuit has clarified that for the 30-day time limitation to apply under 28 U.S.C. § 1446(b)(1), the initial pleading must do more than plausibly allege diversity jurisdiction as Plaintiff asserts. (Doc. No. 10 at 9–10) (*citing Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005). Indeed, the Ninth Circuit has established a "bright-line approach" to determining whether the 30-day deadline is triggered by the initial pleading under which "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Harris*, 525 F.3d at 695, 697. Similarly, for a subsequently served document to trigger the thirty-day clock under § 1446(b)(3), that document must establish that removability is "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021). The purpose of this bright line rule is to ensure that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris* at 694.

Here, Plaintiff filed the initial complaint in the state court's unlimited jurisdiction division, which has a minimum amount in controversy of $25,000, but that designation does not affirmatively reveal that the amount-in-controversy exceeds $75,000 as required for federal diversity jurisdiction. *Diaz v. Gen. Motors LLC*, No. 25-cv-02208-KK, 2025 WL 3034060, at *3 (C.D. Cal. Oct. 30, 2025) ("[T]he fact that Plaintiff filed an unlimited civil case in state court did not indicate to Defendant the amount in controversy exceeded $75,000.") Further, whether Defendant's "sophisticated knowledge" of the Subject Vehicle rendered Defendant "ab[le] to ascertain an approximation of the Subject Vehicle's market value" is irrelevant to the question of

4

whether the initial pleading affirmatively states the amount in controversy. *Alcazar v. Nissan N. Am., Inc.*, No. 23-cv-01951-JD, 2023 WL 4706167, at *2 (N.D. Cal. July 24, 2023) ("[R]emovability is determined from the pleadings and not the defendant's subjective knowledge."). The initial complaint was silent as to the amount in controversy, and the basis for Defendant's determination that the amount in controversy exceeded $75,000 was formed through Defendant's independent investigation into the matter. (*See* Doc. No. 1 at 4) (calculating amount in controversy using information not alleged in the initial complaint including initial purchase price of the Subject Vehicle, estimated deductions and offsets, GAP coverage, and negative equity). Although it is unclear when Defendant made this determination, the Ninth Circuit has held that the one-year deadline provided in 28 U.S.C. § 1446(c)(1) is sufficient to deter unreasonable delay in bringing a notice of removal where the basis for removability is not alleged in the initial or subsequent pleadings. *Harris*, 425 F.3d at 697 ("This [one-year] bar creates, we believe, a sufficient incentive for defendants promptly to investigate the factual requisites for diversity jurisdiction, including the citizenship of the plaintiff and the amount in controversy.") (quoting *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)).

In short, the initial complaint does not affirmatively reveal the grounds for removability such that its filing triggered the 30-day deadline established in 28 U.S.C. § 1446(b)(1); Plaintiff does not identify any subsequently served paper that otherwise put Defendant on notice of the grounds for removability such that the 30-day deadline established in 28 U.S.C. § 1446(b)(3) was triggered; and Plaintiff does not dispute that Defendant filed the notice of removal within one year of Plaintiff's filing of the initial complaint such that the notice of removal was timely filed under 28 U.S.C. § 1446(c)(1). Thus, because the notice of removal was timely filed and Plaintiff does not otherwise challenge the grounds for removability, the court will deny Plaintiff's motion to remand.

## CONCLUSION

For the reasons explained above:

1.      Plaintiff's motion to remand (Doc. No. 9) is DENIED; and

/////

5

2.    Within thirty days of the date of entry of this order, the parties are DIRECTED to file a joint status report regarding scheduling pursuant to this court's initial case management order (Doc. No. 4).

IT IS SO ORDERED.

Dated:    **June 18, 2026**

_____
Dena Coggins
United States District Judge

6